**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **ADVOCACY TRUST, LLC as** | : | |
| **ADMINISTRATOR OF THE** | : | |
| **ESTATE of JAVIS WALKER and** | : | |
| **DONALD WALKER,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CASE NO.** |
| **v.** | : | |
| | : | |
| **DOLGENCORP, LLC, DOLLAR** | : | |
| **GENERAL CORPORATION,** | : | |
| **And DGRE ALBANY, LLC,** | : | |
| | : | |
| **Defendants,** | : | |

## <u>COMPLAINT</u>

COME NOW Plaintiffs in the above-styled action, and hereby file this Complaint as follows:

1.

On October 13, 2017, Javis Walker ("Javis") was shot and killed in a Dollar General store located at 1906 East Oglethorpe Boulevard in Albany, Dougherty County, Georgia. Javis had no children or spouse. He is survived by his father, Donald Walker, who has selected Advocacy Trust, LLC who has been duly

appointed to act as administrator of Javis's estate.  Advocacy Trust, LLC and Donald Walker, Plaintiffs, hereby bring all claims available including all claims of the estate and wrongful death claims pursuant to O.C.G.A. § 51-4-1 et seq.

2.

Plaintiffs state their intention to bring each and every claim permissible under Georgia law and all other applicable law, and seek all special damages, economic losses, pain and suffering, and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

3.

Defendant Dollar General Corporation is a Foreign for Profit Corporation, subject to the jurisdiction of this Court.  Dollar General may be served through its registered agent, Corporation Service Company, 192 Anderson Street, Suite 125, Marietta, Cobb County, Georgia 30060.

4.

Jurisdiction is proper as to Defendant Dollar General Corporation.

5.

Defendant Dollar General has been properly served with process in this action.

6.

Defendant Dolgen Corp, LLC is a Foreign for Profit Corporation, subject to the jurisdiction of this Court. Dollar General may be served through its registered agent, Corporation Service Company, 192 Anderson Street, Suite 125, Marietta, Cobb County, Georgia 30060.

7.

Jurisdiction is proper as to Defendant Dolgen Corp, LLC.

8.

Defendant Dolgen Corp, LLC has been properly served with process in this action.

9.

Defendant DGRE Albany, LLC is a Domestic for Profit Corporation, subject to the jurisdiction of this Court. DGRE Albany, LLC may be served through its registered agent, Chad Vanorman, 424 Tift Avenue North, Tifton ,GA 31794.

10.

Jurisdiction is proper as to Defendant DGRE Albany, LLC.

11.

Defendant DGRE Albany, LLC has been properly served with process in this action.

12.

The cause of action at issue in this case occurred in Dougherty County, Georgia and Defendants have an office and transact business in Dougherty County. Thus, venue is proper pursuant to O.C.G.A. § 14-2-510(b)(3).

13.

Jurisdiction is proper in federal court pursuant to 28 U.S.C.A. § 1332. Plaintiff Donald Walker is a resident of Mississippi, DGRE Albany, LLC is a Georgia Corporation, and Advocacy Trust, LLC, Dolgencorp, LLC, and Dollar General Corporation are all foreign corporations.

14.

At all times mentioned herein, Defendants owned, operated, controlled, and/or managed the retail establishment located at 1906 East Oglethorpe Boulevard in Albany, Dougherty County, Georgia.

15.

On October 13, 2017, Javis Walker was a patron of the Defendant's retail establishment, and a lawful invitee on the Premises.

16.

On October 13, 2017, as Javis Walker walked into the Defendants' retail establishment, he was confronted by two robbers who were inside the retail establishment.  The robbers were armed, and shot and killed Javis.

17.

The robbers were negligently allowed to enter and remain in the Premises because Defendants failed to implement adequate security to prevent individuals like the robbers from entering and remaining in the Premises.

18.

There were numerous prior crimes, including robberies, at this location in the months leading up to Javis's death.

19.

Defendants knew of the prior crimes and robberies at this location prior to Javis's death on October 13, 2017.

20.

No significant changes were made to the security measures at the Premises after these prior crimes or robberies prior to Javis's death.

21.

At no time prior to Javis's death did Defendants add appropriate security to protect individuals going to its store.

22.

Defendants have a non-delegable duty under Georgia law to keep the premises reasonably safe.

23.

Defendants breached their duty and were negligent.

24.

Defendants' negligent acts and omissions proximately caused Javis's injuries, pain and suffering, and ultimately his death.

25.

Javis Walker was a completely innocent victim and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

26.

Prior to and on October 13, 2017, the Premises was negligently maintained, inspected, secured, patrolled and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care.

27.

Defendants had actual and constructive knowledge prior to the shooting death of Javis Walker of the need to patrol, secure, inspect, manage and control access to the Premises and to deter criminal activity from entering or occurring on the Premises, but failed to exercise ordinary care.

28.

Defendants had actual and constructive knowledge of criminal activity existing at the Premises and in the surrounding area prior to the attack on and wrongful death of Javis Walker. Said prior criminal activity was negligently permitted to exist and remain at the Premises.

29.

There was no contract security at the Premises when Javis Walker was shot.

30.

At all times mentioned herein, Defendants controlled the management of the Premises, and had the legal duty to keep the Premises in a state consistent with the due regard for the safety of their invitees, including Javis Walker.  Defendants breached their duties.

31.

Defendants were negligent and said negligence proximately caused the wrongful death of Javis Walker in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) In failing to properly inspect and maintain the Premises;

c) In failing to warn of the latent dangers on the Premises;

d) In failing to implement adequate security measures to prevent or deter crime from occurring at the Premises;

e) In failing to properly train and supervise their employees in regard to the maintenance and safety of the Premises;

f) In failing to properly retain, entrust, hire, train and supervise said employees;

g) In failing to provide adequate security for the Premises; and

h) In all other means of negligence which may be shown at trial.

## 32.

Defendants were negligent in failing to maintain, inspect, secure, patrol and manage the Premises, thereby creating an unreasonable risk of injury to their invitees, including Javis Walker.

## 33.

Defendants knew of, or with the exercise of due care for the safety of their invitees, should have known of the dangerous and hazardous conditions existing on the Premises and the failure to maintain, inspect, secure, patrol, and manage the Premises and that said conditions were likely to result in the injuries suffered by Javis Walker.

## 34.

Defendants were and are negligent *per se*.

## 35.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the Premises through the knowledge of their employees and

agents and due to the prior criminal activity and dangers associated with the Premises and surrounding areas.

36.

Defendants are liable for the shooting and wrongful death of Javis Walker.

37.

Defendants negligently failed to provide adequate security protection, security personnel and criminal deterrence measures on the Premises.

38.

Defendants' acts and omissions rise to the level of conscious indifference to consequences, such that punitive damages are appropriate.

39.

Because Defendants had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous environment of the Premises, Defendants are liable for the negligent supervision, hiring, training and retention of their employees and agents operating on the premises.

40.

Defendants failed to take appropriate action to remedy or reduce the danger to their invitees, including Javis Walker, and allowed the dangerous environment

on the Premises to continue to exist unabated, thereby creating a nuisance.

41.

As a proximate result of Defendants' negligence, jointly and severally, Javis Walker sustained catastrophic injuries, conscious pain and suffering, and ultimately became aware of his impending death.

42.

As a result of Defendants' negligence, Plaintiffs state their intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

a)     Personal injuries;

b)     All elements of physical and mental pain and suffering;

c)     Mental anguish, fright, shock, and terror;

d)     Funeral and burial expenses;

e)     Future lost wages and lost earning capacity;

f)     All elements, tangible and intangible, of the full value of Javis Walker's life;

g)     Consequential damages to be proven at trial; and

h)    Punitive Damages.

43.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants, and one or more or of all above-stated acts were the proximate causes of the injuries to and wrongful death of Javis Walker.

44.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiffs pray for a judgment to be awarded to them and against the Defendants and for the following:

a) Process issue and Defendants be served as provided by law;

b) Plaintiffs have a trial by jury;

c) Plaintiffs be awarded actual damages in amounts to be shown at trial from Defendants;

d) Plaintiffs be awarded the full value of Javis Walker's life pursuant to O.C.G.A. § 51-4-1 *et seq*.;

e) Plaintiffs, as Personal Representatives of the Estate of Javis Walker, be awarded all proper damages owned by the Estate, including punitive damages, and damages for personal injury, pain and suffering, or funeral expenses, in accordance with the enlightened conscience of an impartial jury;

f) Plaintiffs be awarded attorneys' fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

g) Plaintiffs be awarded interest and costs; and

h) Plaintiffs be awarded such other relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

**HUDSON KING, LLC &
THE MABRA FIRM, LLC**

*/s/J.L. King, II*_____
J. L. King, II
Georgia Bar No. 142285

Ronnie E. Mabra, Jr.[1]
Georgia Bar No. 141249
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiffs

Hudson King, LLC
615 Virginia Avenue N., Suite A
P. O. Box 2520
Tifton, Georgia 31794
(229) 396-5845 phone
(229) 396-5848 fax
jlking@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com


The Mabra Firm, LLC
197 Fourteenth Street, NW
Suite 200
Atlanta, GA 30318
Phone: (404) 344-5255
Fax: (404) 344-5254
ronnie@mabrafirm.com

---

[1] Middle district application in process.